IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CINDY A. SMITH,                              Case No.

      Plaintiff,

v.                                              **JURY TRIAL DEMANDED**

MIDLAND CREDIT MANAGEMENT, INC.

      Defendant.
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES
## AND DEMAND FOR JURY TRIAL

### I.     Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereinafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §§ 559.55-559.785 (hereinafter "FCCPA"). These laws prevent debt collectors and persons, respectively, from, *inter alia*, engaging in abusive, deceptive, harassing, and unfair collection practices.

### II.     Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, and 1367.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### III.     Parties

4. Plaintiff, CINDY A. SMITH (hereinafter "Plaintiff"), is an individual who resides in the County of Hillsborough, State of Florida, and is a "consumer" as that term is defined by 15

U.S.C. § 1692a(3) and F.S.A. § 559.55(2), and is also a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant, MIDLAND CREDIT MANAGEMENT, INC. (hereinafter "MCM"), is a for-profit entity incorporated under the laws of Kansas, with its principal place of business located at 8875 AERO DR., STE. 200, SAN DIEGO CA 92123; Defendant MCM is a "debt collector," as that term is defined under 15 U.S.C. § 1692a(6) and F.S.A. § 559.55(6), as it regularly collects, or attempts to collect, debts alleged to be due to another, and is also an "out-of-state consumer debt collector," as that term is defined by F.S.A. § 559.55(8), as its business activities in Florida involve both collecting or attempting to collect consumer debt from debtors located in Florida by means of interstate communication originating from outside of this state.

### IV.  Factual Allegations

6. On or about July 31, 2008 Plaintiff filed a petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the Middle District of Florida.

7. Plaintiff's bankruptcy case number is 8:08-bk-11520-MGW.

8. Listed in Debtors' Schedule F was a debt owed to Newport News, in the amount of $1,225.00; Debtor referenced an account number ending in 1184.

9. The subject-debt originally owed to Newport News was incurred for Plaintiff's personal, family, or household purposes, and is therefore a "debt" or "consumer debt," as those terms are defined by 15 U.S.C. § 1692a(5) and F.S.A. § 559.55(1).

10. The creditor, Newport News, was listed in Plaintiff's Creditor Matrix, filed with her bankruptcy petition and schedules, and therefore it is alleged that the creditor received actual notice of Plaintiff's bankruptcy filing.

11. On or about November 5, 2008 the bankruptcy court granted Plaintiff a discharge of those debts which were dischargeable in her bankruptcy case.

12. The subject-debt owed to the creditor, Newport News, was not of the types of debt listed in 11 U.S.C. § 523, and thus, the debt was not excepted from discharge in Plaintiff's Chapter 7 Bankruptcy.

13. On or about March 17, 2009 Defendant MCM sent a letter to Plaintiff regarding the debt owed to FCNB/Newport News. *A copy of this letter is attached to this complaint as Exhibit "A"*

14. The letter advised, "The last time we heard from you, you indicated that you were planning to file bankruptcy. We have been unable to verify that you did file bankruptcy or that there is a current case in your name." *See Exhibit "A"*

15. The letter asked for Plaintiff or Plaintiff's bankruptcy attorney to notify Defendant MCM immediately and to provide information regarding her filing. *See Exhibit "A"*

16. On or about April 28, 2009 a letter was sent by Plaintiff's bankruptcy attorneys to Defendant MCM advising of Plaintiff's bankruptcy case, and provided Defendant MCM with Plaintiff's bankruptcy case number, the filing date, and the court in which the case was filed. *A copy of this correspondence is attached hereto as Exhibit "B"*

17. Plaintiff's bankruptcy attorney enclosed a copy of Defendant MCM's March 17, 2009 letter which requested the information. *See Exhibit "B"*

18. Based on the April 28, 2009 letter sent by Plaintiff's bankruptcy attorney, it is alleged that Defendant MCM had actual knowledge of Plaintiff's bankruptcy filing.

19. Further, Defendant MCM was listed in Plaintiff's bankruptcy schedules as a creditor and was also listed on her creditor matrix, further establishing that Defendant MCM had actual knowledge of Plaintiff's bankruptcy filing.

20. On or about August 26, 2010 Defendant MCM sent a dunning letter to Plaintiff attempting to collect a debt owed to FCNB/Newport News, with an account number ending in 1184. *A copy of this correspondence is attached hereto as Exhibit "C"*

21. This debt is one which was listed in Plaintiff's bankruptcy schedules, and previously discharged in her bankruptcy.

22. The letter lists an "Account Balance" of $1,425.59, and invites Plaintiff to "settle [her] debt" and "clear [her] account." *See Exhibit "C"*

23. The letter lists "9-25-2010" as the "payment due" date. *See Exhibit "C"*

24. The letter advises Plaintiff that, once they receive payment "Your account will be reported as paid. Your credit report will be updated with the payments made. Your debt will no longer show up as unpaid." *See Exhibit "C"*

25. At various times since receiving her discharge, Plaintiff has received telephone calls from Defendant MCM attempting to collect this debt.

26. Defendant MCM's attempts to collect this debt caused Plaintiff mental anguish in the forms of stress, worry, and fear that she may still owe the money, despite successfully completing her bankruptcy case.

27. Defendant MCM's attempts to collect a debt which has been discharged in federal bankruptcy were violative of the FDCPA and FCCPA.

## V.     Claims for Relief

### First Claim for Relief
### FDCPA Violation
### Cindy A. Smith v. Midland Credit Management, Inc.

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 27.

28. Defendant's actions were performed with the intent to coerce Plaintiff into paying a defaulted consumer debt.

29. All acts or omissions of the employees/agents of Defendant MCM were performed within the scope of their respective employment/agency with Defendant, thus subjecting Defendant MCM to vicarious liability for these acts under the doctrine of respondeat superior.

30. The foregoing acts and omissions of Defendant and its employees/agents constitute numerous and several violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692d generally, 1692e generally, 1692e(2), 1692e(3), 1692e(5), 1692e(7), 1692e(10), 1692f generally, and 1692f(1).

31. As a result of the above violations of the FDCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FDCPA, and recovery for actual damages, statutory damages, and attorney's fees and costs.

### Second Claim for Relief
### FCCPA Violation
### Cindy A. Smith v. Midland Credit Management, Inc.

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 27.

32. Defendant's actions were performed with the intent to coerce Plaintiff into paying a defaulted consumer debt.

33. All acts or omissions of the employees/agents of Defendant MCM were performed within the scope of their respective employment/agency with Defendant, thus subjecting Defendant MCM to vicarious liability for these acts under the doctrine of respondeat superior.

34. The foregoing acts and omissions of Defendant and its employees/agents constitute violations of the FCCPA, including, but not limited to, F.S.A. §§ 559.72(7) and 559.72(9).

35. As a result of Defendant's violation of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FCCPA, and recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

### VI.   Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment against Defendant for the following:

   a. Declaratory judgment that Defendant's acts constituted violations of the FDCPA and FCCPA;

   b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1) and F.S.A. § 559.77(2);

   c. Statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and F.S.A. § 559.77(2);

   d. Punitive damages, pursuant to F.S.A. § 559.77(2);

   e. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and F.S.A. § 559.77(2); and

   f. Such other and further relief as may be just and proper.

Respectfully submitted, this 27th day of December, 2010.

/s/ Joseph B. Battaglia
G. Donald Golden, Fla. Bar No.: 0137080
don@brandonlawyer.com
David S. Bromley, Fla. Bar No.: 0155349

        david@brandonlawyer.com
        Joseph B. Battaglia, Fla. Bar No. 0058199
        joe@brandonlawyer.com
        THE GOLDEN LAW GROUP
        808 Oakfield Drive, Suite A
        Brandon, Florida 33511
        Telephone:  (813) 413-8700
        Facsimile:   (813) 413-8701
        Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

        /s/ Joseph B. Battaglia
        G. Donald Golden, Fla. Bar No.: 0137080
        David S. Bromley, Fla. Bar No.: 0155349
        Joseph B. Battaglia, Fla. Bar No. 0058199